The next case on the docket is 514-1832, Waggoner v. DeBolt. Thank you, DeBolt.  Why don't we just give you one minute to allow your co-counsel to sit. Thank you. Again, my name is Chris Custer, and I represent Larry Seifert and Linda DeBolt as executives of the estate of Wanda Seifert. Pretty narrow issue on this interlocutory appeal, and the issue is, is the December 2nd, 2014 lease prepared by the Waggoners, a nullity and unenforceable because it violates the statute of frauds and the fundamental concepts of LOI contract law. The answer to that question is that the lease is not enforceable because it does indeed violate the statute of frauds and elements of contract law, and it's not really very close. The lease is not enforceable, again, because it fails to address the four essential elements that every contract or lease for the sale of a lease of property must include. And, of course, as this Court is well aware, the four elements are you must name the parties, number one. Number two, describe the property that is indeed the subject of the contract in the first place. Number three, the price term and the signatures. This lease, again, prepared by the Waggoners, not my clients, does not contain the second element, essential element, the description of the property. And lest there be any confusion, they didn't sort of miss it by including an ambiguous or difficult means and bounds description. They failed to include any reference or description to the property. The lease does not contain a means and bounds description of the property. The lease does not contain a legal description of the property. The lease does not contain a common address for the property. The lease does not contain a reference to the county where the property is situated. The lease does not contain a reference to the state where the property is situated. This lease though, the second lease I assume you're talking about now. Correct. It was almost identical to the first lease, right? You're right. And that first lease had been being operated by the tenants until they sought to get the second one. So there was no dispute under the first lease where property was involved. My response to that, Justice, would be two wrongs do not make a right. But the law of contracts, does it say that in a land contract or the statute of frauds, does it say that you have to have a meet and balance description? Absolutely not. Can it be that as long as the property is easily identified by some means, you should be stoned? Absolutely. In the books we read long ago. We used to pass the dirt plug stick to the person who has the defense. I'm old enough to have read those same papers. You can appreciate those. I can certainly appreciate them. So there's really no requirement. You would agree that you have to have some kind of address or something. But there has to be some understanding. Well, I may respectfully disagree with something I think you may have said. That is, again, the test is what we call the surveyor's test. And that is if a surveyor, if there's something in the lease, it doesn't have to be a legal description. It doesn't have to be meets and balance. But there has to be some description to allow a surveyor to look at the four corners of the document and go find that property. Now, if there's some ambiguity with regard to the description that is contained in the lease, then we get into, well, is parole or extrinsic evidence allowed to go ahead and clear up the confusion? But the law is clear, Your Honor. And that is if there is nothing in the contract, it is error, and you get to decide this de novo, it is error to allow that parole or extrinsic evidence to go back and look at the prior lease or go figure out what they did in the prior five years. If you look at this lease, the first lease is, I think, on page 18 of the record.  If you look at the lease that was entered or prepared by them December 2014, which was 10 years this time, keep in mind Mrs. Seifert was 83 years old and passed away three months later. But if you look at that lease, in any contract anyone has ever seen, in the introductory paragraph it says, now comes Chris Custer, and he used to sell to Orlesser, and he lives at Effingham, Illinois, and gives the address. For Wanda Seifert, it doesn't even say where she lived. It doesn't say the county. It doesn't say the state. If you go to the signature block of this lease, it merely states her name, Wanda Seifert. There is not a single word in this contract that would pass the test, the surveyor's test, to say, where is this property situated? It doesn't even reference the state of Illinois. And in Ron, as you know, the doctrine of contra cofrantum is alive and well in Illinois. That is, any and all ambiguities are to be strictly construed against the drafters, and in favor of the person or people who did not draft the contract, they drafted this contract. If you think it is close, if you think it is close, the doctrine about contra cofrantum says you strictly construe it against them. I obviously do not think it's close, because what we have here is not an ambiguity. It's a complete failure to mention anywhere in that contract where this property is situated. The contract, this contracted issue, this documented issue, is virtually identical to the prior one. Is that correct? It's pretty close to the prior one. It's pretty close. Correct. Right. Is there any dispute that under that prior document that the tenants farmed a particular piece of property and there was no dispute as to the existence, location, and meets and bounds of that property? It's not entirely clear. There was some evidence of that in the preliminary judgment. Keep in mind, this complaint was filed on March 28, 2014. There was no service. I show up three days later in court and we conduct the hearing. There was testimony from the Wagners that they really didn't know how many acres there were on the site for farm. I think there was some testimony that they felt there was 300 acres and they farmed 140 of them, but they were not certain. And interestingly, and I'm not sure this is part of the record, after this preliminary injunction was entered, the Wagners went to the council, filed a memorandum of lease, and actually did engage this time, tried to put the legal description and filed it with the county recorder of deeds in Shelby County. Even then, it was wrong. Even after the notice. That's not in the record, is it? That is not in the record. Okay, so let's not go there. Okay. What is the status of the situation right now? Because as I understand it, there was only a preliminary injunction issue that allowed them to farm for this one season. That season, I assume, is over. It's indeed over. So has the property now been returned to the estate? This is set for a final hearing on this matter, and what we had was, because of the item you just asked me not to talk about, where they had an injunction on part of it, but not the other part. Judge Roberts said, listen, if you couldn't get it right this time, there's not an injunction for this, so my people farm part of it, their people farm the other part of it, but the very terms of the preliminary injunction, that is dissolved, and that's something Council and I have talked about. Depending on when we get our result here, our ruling here, we're going to have to address the 2015 farming season, and from our perspective, which I think is accurate, there is no injunction preventing us from farming it. Now, if they want to go back in and try to get another injunction to suggest that they are entitled to, based upon this lease that doesn't say anything about where the property is, I suppose they're entitled to do that. But Council and I work together well. I suspect we're going to try to resolve that so we don't have an issue where we have two tractors out in the field. But again, I think- Because this case is really up here on the injunction, right? That's correct. I mean, is it our job right now to decide the validity of the contract, or is it our job to decide the validity of the issues of the injunction? Well, I think in order to decide the validity of the injunction, you really must weigh in on the validity of the contract. Only because that's the prong that hasn't been agreed to, the likelihood of success on the merits. That's certainly one of the prongs that is not agreed to. Well, maybe I've made an incorrect note, but I thought that the appellees indicate that you had a clearly ascertainable right and that there would be irreparable injury if an injunction was not granted and there was no adequate remedy at law. And so that would leave the fourth prong. I understand. Did I get that wrong? We don't agree that they met the fourth prongs. Okay. And I believe that the court tried to put a band-aid on this on March 31st, given it was indeed the farming season, and really did not really consider the actual law about does this contract create an enforceable right. But again, because this court can look at the contract and say, you know, Mr. Custer. See, but my concern as it sits right now is the injunction is over, isn't it? I mean, the very basis on which you came to our court has been dissolved. It has been dissolved by its own terms. However, I think the parties would prefer, rather than going back and trying the case and arguing the same issue again and then coming up on appeal, I think it is right with the preliminary injunction to decide whether or not this contract or lease complies with the statute of frauds when it makes no mention of the property. And then I guess the collateral issue on that is, was it appropriate or was it not appropriate to even allow parole evidence or extrinsic evidence to talk about the first lease? And I think the McDaniel case is absolutely clear that you cannot. You may think that is an injustice. They farmed it for four or five years. It was the same lease. What are we doing here? The contract law is clear. And again, they are the ones that drafted it. They have to make some reference to the property court. The statute of frauds and the law of contract will be stood on its head. There is not a single case, there is not a single case in Illinois that says you can draw up a contract or a lease and not mention the property, the location of the property, and it stands. Perhaps I'm mischaracterizing this. You're sort of asking us to convert this into an argument over declaratory judgment action, aren't you? Well, I mean, I understand the question. It certainly has some components of a declaratory judgment, but I don't believe you have to. I think it is right. Why isn't it moved? My question exactly. It is not moved because, frankly, even if an injunction expires under its own terms, under the law, if the court comes back and says it should have never been issued in the first place, and if it didn't expire by its own terms. But why would the court do that if it's a preliminary and it's expired? Well, I think the timing sometimes is difficult in the appellate courts, and we find ourselves here now as opposed to three months from now through no fault of the court, certainly. But, again, this is one of the key issues in this case, and I don't think the parties would like to know now. And, again, I think it is in need right now, even though it expired by its own terms. And here we are in March, and it's going to be farming season again. You've got an April hearing. Right. As an old trial judge, why shouldn't we let the trial court decide this? And then once we have all of the evidence on the record and a complete picture, plus a ruling from a good trial judge, then we consider it. Well, I suppose if we were in front of the trial judge, the trial judge would probably say, I think the appellate court should rule on this issue. Well, we get those, too. I understand. I mean, we get those comments. I do. In fact, I considered, Your Honor, do we file a motion to continue saying that the court is getting ready to address the very issue of the case? The last thing we want to do is argue today, go try it in April, and then see you again 90, 120 days down the road. We may not. We may not. That's true. But I suspect one of us will want to be here if it was not ruled upon. Well, you will be welcome if one of you will be here. But, again, I think the – I mean, the only thing, as I was reviewing the briefs, and I'm sure my colleagues feel the same way, is I was looking at the injunction because that's the only way you can get here. You've got no final ruling from the trial court. And as I look through it and see the injunction has expired by its own terms, the only way we could have really analyzed it is under the four-prong test, which would have eventually gotten us to your argument, obviously. But I really can't see how it isn't moved at this point. Isn't it more advisory if we do that? Yeah, we have an advisory group. Which we've been told by our Supreme Court to not engage in. Right. I understand that, and I presume you have these questions. But, again, for example, there are cases that say when you get to the point on appeal where you – that the injunction has expired by its own terms, there's still the question of if you said it should have never been entered and, therefore, should have been dissolved, that then implicates Section 110 of the Illinois Code of Civil Procedure that talks about if an injunction was wrongly entered, then the issue of attorney's fees comes up. So that – the Section 110 issue under the code is still an issue that needs to be addressed, and it is not – the fact that it expired by its own terms does not make the application of 110 moot. Doesn't the trial judge have that opportunity? He will have, I suppose – well, he had that opportunity when I filed a motion to dissolve it, and it was denied. So you're saying that if we don't decide whether it was decided improperly or not, then the trial judge has no basis upon which to consider Section 110? I think that's true. And that's Section 110 of what? It's the – The injunction? The injunction, that's right. And it specifically says that the motion to dissolve has been filed, which we have done, and – So you have filed a motion to dissolve? Correct. That was part of the motion to reconsider and or dissolve the motion, which we appealed wrongly. But is that in this appeal? Yes. The motion to dissolve? Yes, because when they issued the – yes, it is. It's a denial of a motion to dissolve. Correct. We filed a motion to reconsider and dissolve the preliminary injunction, and when he denied that, we appealed. So this is at the very heart of the appeal. And in a case like this, the issue of whether it was rightly entered into in the first place or whether it violated the statute of frauds or whether the second essential element was totally missed is indeed relevant. And frankly, I think however you rule this case, I think the rest of this goes away. And I know the – because the – No. I just want to make sure. No, no, no. I think addressing the merits and the issue, which again, I don't believe the fact that it expired by its own terms. Do you have any case law – I know you didn't argue this in your brief, so do you have any case law that would say we are still entitled to issue an order once the preliminary injunction has dissolved? I do not have it at my fingertips. If you would like for me to provide that within seven days, I am happy to file a supplemental brief to do that. Okay. I think what we'll ask you to do is supplement your brief, not seven days. And I apologize for mispronouncing your name, Mr. Custon. That's okay. How about 10 or 14?  How about 14? Recognizing planting season has come. 14 would be wonderful. Okay, 14. And then – Mr. Myers. Myers, is it? Yes. Mr. Myers, then you would have 14 days to respond to that. Is that okay? And then we'll show that as part of the hearing today, that we'll be expecting that. But the narrow issue is whether this court would still be able to issue a ruling as opposed to an advisory opinion where the preliminary injunction issued, but by the time you got here, it's expired off its own terms. Okay, then we'll address that. All right. Thank you very much. And you will have some time for rebuttal, Mr. Custon. Thank you. Mr. Myers, let's start out by asking you the same question, putting you on the hot seat. I'm going to get to introduce myself. You go ahead. It's your court. You got me on that one. It's your court. You go ahead. No, no. Proceed. My name is James Myers. I represent the plaintiffs – or the appellees in the case. Do you have a question? Yes, sir. Thank you. I would like to know why you think that this case isn't moved. I'm not convinced it isn't moved, Your Honor. And one of the notes I had to present to the court was, first, the motion to dismiss that refile that was to be heard with this argument today based on the fact that the preliminary injunction appeal promise never actually entered. But my second note is the moveness of the proceedings due to the fact that the injunction was for the 2014 prop year and has expired. Well, let's talk first about your motion to dismiss because you're right. It was taken with the case and has not been touched upon. As I understand that you are seeking a dismissal for lack of jurisdiction. That's correct. Is that subject matter jurisdiction? That's correct. Merely because the appellant hasn't filed a written order? I don't think that characterization is fair to the appellant. Okay. Tell me. Judge Roberts' order, which is in the record on the motion to reconsider, stated that the original injunction was deficient in several ways. And Judge Roberts asked counsel, including myself, to coordinate and get an injunction with specific terms so that the parties would know what was enjoined and what was not enjoined. And that was never done. The order went on to say that if any party could reach an agreement or had a problem, then they should file their proposal with the court and seek to have it entered. That was never done either. And so the case that was cited in the motion to dismiss, this People v. Maynard case, is exactly the same circumstance where the court directs a written order to be entered. And that order is never entered. The appeal is premature. That's the basis of the motion. Why didn't you notify the court, either one of you, about the problem? My recollection, well, I'm not sure I even notified the court about the problem. We exchanged injunctions on several occasions and never came to an agreement. I will note, though, that the appeal was filed about ten days after Judge Roberts' order was entered, and the work on the injunction language continued well after that. You said after Judge Roberts' order was entered. What was entered? He entered an order that's in the record and in the appellate's appendix denying the motion to dissolve. It's the May 9th order. Okay, so there was – right, I saw that. That's basically the order from which this appeal came. That's correct. Okay, all right. I wanted to make that clear. So your argument on jurisdiction is basically the time-driven disillusion of the injunction. Our argument for lack of jurisdiction is that the preliminary injunction that they are seeking to appeal is never entered. It was never entered. Okay. There was no written order filed after the court directed a written order to be filed. All right. And the case that we cite, the Maynard case versus Maynard, is the exact same circumstance. Well, there's a recent Supreme Court case within the last two months, and the name escapes me. There was an oral indication of an order to be filed, and about two and a half months later, they managed to get a – the parties with a lot of dispute managed to get a written order on file, and the question was the point at which the time for appeal began to run. And so I think that might be relevant to the issue that the two of you are going to be arguing in a supplemental, and I wish you would address that. Yes. And I apologize. I don't remember – I know the case. I don't remember the name. Thank you. Are there any other questions about mootness or the motion? Nothing. I'd like to then address briefly the appeal, and I believe that this is an appeal of the preliminary injunction, and I believe that the standard of review is abuse of discretion. And as Your Honor pointed out, there are four things we had to show at the hearing in order to be entitled to that preliminary injunction. We had to show a clearly ascertainable right in need of protection. We had to show irreparable injury if an injunction is not granted. We had to show an inadequate remedy of law and a likelihood of success on the merits. In Judge Roberts' order, he found that we met that standard and entered the injunction for the 2014 crop season. The point Your Honor made about the appeal only being about likelihood of success on the merits, I'm not sure that the appellate counsel ever agreed to that, but it is our position that they did not appeal and the brief does not address any of the other three, the first three issues in the preliminary injunction. All they address is the likelihood of success on the merits, and they do that by saying that the lease is invalid total because of the lack of a legal description. And so I've only addressed in my brief the fact that the lease is or could be found to be valid. On that issue, I believe at the preliminary injunction state, it only requires a likelihood of success on the merits, and I believe that the only way that Your Honors could address that such that it's final to the case is to take it on law and there's absolutely no way, no matter what these plaintiffs show, that this lease could ever be found to be valid even after trial. That would probably end the issue. But that's not the issue before the court. The issue before the court is whether there was a likelihood of success showing, and we did that and there's no mystery to what we did. Our position's been the same since the case started, is that there's two lines of cases that we rely on that show that leases or real estate documents that have inadequate legal descriptions can be enforced regardless under the statute of frauds in certain circumstances, one of which is that the party is in possession. And these parties have been in possession of the real estate, the farm real estate, for five years under a prior lease and were currently, when this case was filed, in possession under the lease in question. And under the line of cases in our brief, that is sufficient to bring a case out of the statute of frauds. In fact, in relation to that issue, Judge Roberts found that it was disingenuous at best to claim that you did not know what real estate this lease was discussing. The other line of cases involves the Whirling case, W-E-R-L-I-N-G, where there was a finding in that case that this was the only real estate the party owned. They didn't own any of the real estate, so this had to be the real estate that they were talking about. And similar to that case, the real estate, at least the testimony at the preliminary injunction hearing was, that the Wagoners farmed all of Wanda Seifert's real estate, had farmed it all for five years, and that she had no other real estate. And on those issues, there's been no evidence in the record that Wanda Seifert owned some other real estate or that the Wagoners didn't farm all her real estate or that the Wanda Seifert on the lease is not the Wanda Seifert we're talking about. So what those lines of cases say is that it's obvious that that's the property we're talking about since people don't go through these exercises and have written leases for no reason. Mr. Magnus, do you agree that if we do analyze this preliminary injunction, that we can go back and look at all of the factors necessary to issue a preliminary injunction? Yes. Do you believe anybody has waived any of those issues? I don't. Okay. So let me ask you this. Why isn't money a fixer in this case? Money is not a fixer in the case because it involves crop land. And there's two problems with it. One is anybody who farms crop land will farm it different or may farm different crops, may do different things. Some farmers are better than others. And the timing of the farm would be different. And so there's no way to determine under this lease, which is a 50-50 crop share lease, what would occur if someone else were to farm it. And I would be confident that if we agreed or were told that we would calculate our damages later, we would face all those arguments when we tried to show what our damages were. How do you know that the crop should have been 140 bushels a acre versus 150? How do you know that it wasn't planted on time? The other, in this case, is the wagons have been farming that property for five years. And to take them off the property and have someone else farm it and do whatever they're going to do, I don't know what they would do. And then, assuming we won the case, put the wagons back on after they've been off for a year, that would involve all kinds of potential problems with fertilizer rotations and crop rotations and application of lime and all these things. So there's really no way to calculate, in the instance that we were to prevail on the lease, what the damages were should we be removed from one year out of a 15-year, 5 plus 10, 15-year lease term. Thank you. The only other matter I wish to address is that the court needs to be sure to focus on the record in the case. There was an evidentiary hearing, the remarks of counsel, and of me that aren't of record, aren't really applicable to the case. And based on that record, there is no evidence that shows that Wanda Seifert owned any other real estate. There's any question about what the real estate involved is. And there's no question that the wagons were in possession of that real estate when this matter came to be. And based on those uncontested facts, we believe that Judge Roberts was well within his prerogative to preserve the status quo, keep the wagons on the farm during the pendency of the case, and issue an injunction. So we would ask that the court affirm Judge Roberts' decision. Okay, and one last question. When you filed the motion for preliminary injunction, the underlying complaint was for declaratory judgment? Correct. So when you have your hearing in April, that will be on the declaratory judgment action? Correct. Okay, thank you. Thank you. Okay. Mr. Custard. Excuse me for standing. No, by all means, at that background, I understand. I think it's clear that it mentioned the page of the record, 058, contains the May 9, 2014 order, which is actually entitled Order as to Motion to Reconsider or an Alternative Dissolve Preliminary Injunction. So that is indeed the order that I appealed from. And with regard to this, it suggested that there was another order to be presented. Mr. Myers was to take the laboring order, prepare an order that would, I guess, explain the logistics of how the injunction would work. That was prepared. I received it, wrote a letter commenting here's how we would change it, and it was left there. So again, and again, it certainly wasn't our obligation to make sure we draft the order for their injunction. But the order is indeed the May 9, 2014 order. And I think, and you'll see in that order, Judge Roberts actually mentioned the whirling case, and I'd like to take a moment to distinguish that. It is most certainly distinguishable. The first thing that jumps out at you in that case is the parties stipulated, the parties stipulated in that case where the ground was and that that was their only farm. This is the one that said my farm. And the parties stipulated that she only had one farm and that was it. We certainly don't have that in that case. The second, and I think as important distinguishing characteristic of that case from this one, is that when you read that case, they talked, they looked at the last will and testament, which was also issued. And in that last will and testament, they described the property, the county, the state, and the address. In the will. In the will, that's correct. And it's certainly different because, again, the only document, the only document we have is the lease prepared by them. And I've never seen a document in any case that does not say anywhere anything about where the property was located. I suggested looking at the case. I'm not predetermining whether it's relevant, the case I mentioned. But it is a recent case, and you've got a situation where a preliminary injunction, in fact, like you said, stayed between the two of you as opposed to being entered. So I thought you might look at it and address it. I think we'd have to consider it. It is a Supreme Court case. The preliminary injunction is in writing, is it not? It is not in writing? The preliminary injunction is not in writing. What is in writing in his order on page 58 of the record is that he was granting the preliminary injunction and stated the reasons why. But then you had a motion to reconsider. No? We did indeed. Actually, that was the motion to reconsider the May 9th hearing. I think the original, I think it was docket entry April 28th, about just almost a month as he said that he was granting the injunction. I think that may have been by docket entry, but the order I appealed for was the May 9th order on my denial to dissolve and reconsider the ruling. Because that's the confusing part is how do you dissolve an injunction? How do you file a motion to dissolve an injunction that doesn't exist? I mean, I think at that time it would have been raised. Well, I think the judge made it very clear to us. He told us that we are not to be farming the property. He told us that when we argued the motion to reconsider. We are to allow the Wagners to farm that property. And I think we are required to follow that instruction regardless of whether the Wagners ever actually got the eyes across the tees on what they could or couldn't do with the injunction. What we were required or not required to do. We did the only thing that we could do and that was to file the interlocutory appeal. Because, again, I don't think there's a case in Illinois that says you can have a contract release with property and not mention where the property is. And the whole suggestion that the above described property, which are words that are indeed contained in the lease, somehow changes it, doesn't when you don't describe the property in the first place. Thank you very much. Thank you very much. Okay, at this time we'll take a brief recess. And we'll take this matter under advisement and an order of issue.